[Dkt. No. 1]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| AUDREY HENSLER, <br><br>    Plaintiff, <br><br>    v. <br><br> NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION; and TAMARA A. GRECO, <br><br>    Defendants. | Civil No. 16-3387 (RMB/KMW) <br><br> **OPINION** |

Plaintiff Audrey Hensler (the "Plaintiff") filed this action and an associated request for a temporary restraining order on June 10, 2016. [Dkt. No. 1 (Complaint).] The action concerns, in essence, a challenge to a construction permit decision made by Defendant Tamara Greco ("Ms. Greco") in her capacity as an employee of Defendant New York State Department of Environmental Conservation ("NYSDEC," and with Ms. Greco, "Defendants"). (Compl. at ¶ 24.) Plaintiff has also filed an application to proceed in forma pauperis. [Dkt. No. 1-3.] As detailed below, the Court declines to order the filing of the Complaint at this stage due to inconsistencies in Plaintiff's affidavit of indigence.

I.   **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS**

This Court cannot approve Plaintiff's Application to Proceed In Forma Pauperis.  Plaintiff has completed the 1994 version of the short-form affidavit of indigence.  See 28 U.S.C. § 1915(a)(1) (A Court may grant pauper status to "a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."); see also Severino III v. Sayreville Police Dept., Civ. No. 07-546 (JLL), 2008 WL 975073, at *1 (D.N.J. Apr. 9, 2008) (applying 28 U.S.C. § 1915(a)(1) to non-prisoners).  While the use of this outdated form does not, in and of itself, disqualify Plaintiff's attempt to demonstrate her indigence, inconsistencies between the scantily-detailed affidavit and Plaintiff's underlying allegations give this Court pause with regard to whether the Court may direct the filing of the Complaint.

According to her affidavit, Plaintiff is employed and makes $300 dollars per week, however, she does not identify any expenses she has on a monthly basis and does not indicate how much she contributed to her two children's support.  Plaintiff also states that she does not have any cash on hand or a checking account.  Despite this, the sum and substance of Plaintiff's case is that she seeks to build a single-family home, through the use of a project engineer, on property that

she owns and pays taxes on in Staten Island, New York.  Such an action, without more information, seems, in this Court's mind, contradictory to Plaintiff's indigence.

As such, the Court directs Plaintiff, if she elects to proceed in forma pauperis in this Court, to file a more detailed affidavit concerning her indigence.[1]

## II. **APPROPRIATE VENUE**

Due to the deficiencies of the Application to Proceed Without Prepayment of Fees and Costs, this Court has yet to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Nevertheless, in a review of the Complaint, the Court has identified an additional issue which should be considered by Plaintiff prior to her filing of an amended application to proceed in forma pauperis.

Specifically, this case strikes the Court as one potentially more appropriately brought in the United States District Court for the Eastern District of New York.  Plaintiff is suing the New York State Department of Environmental Conservation and one of its employees in regard to its treatment of Plaintiff concerning zoning.  While Plaintiff is a resident

---

[1] A short-form and long-form version of the Non-Prisoner Application to proceed in District Court Without Prepaying Fees or Costs is available on the United States District Court for the District of New Jersey website: http://www.njd.uscourts.gov/sites/njd/files/forms/AO-239.pdf.

3

of New Jersey and has elected to file suit in the District of New Jersey, that ultimately is not the only factor this Court must consider in determining whether this is the proper venue. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995) (discussing the private and public interest factors relevant to a determination of whether or not to transfer venue pursuant to Section 1404(a)).  As such, the Court cautions Plaintiff now that this Court, after the filing of her amended application to proceed in forma pauperis and and the serving of Defendants, may additionally issue an order to show cause why the case should not be transferred pursuant to 28 U.S.C. § 1404.

DATED: July 14, 2016

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE

4